**In re Rocco DINUBILO.**

**Bankruptcy No. 90–13254–A–7.**

**MC No. MTH–4.**

United States Bankruptcy Court, E.D. California.

Dec. 14, 1994.

Paul Michael Brown, U.S. Dept. of Justice, Civ. Div., Washington, DC, for U.S. Trustee and Mark St. Angelo.

Michael T. Hertz, Lang, Richert & Patch, Fresno, CA, for Chapter 7 Trustee.

## ORDER REGARDING RENEWED MOTION FOR SANCTIONS

RICHARD T. FORD, Bankruptcy Judge.

## INTRODUCTION

This matter involves a renewed motion for sanctions brought by the Chapter 7 Trustee,

James M. Ford, against the United States Trustee and Mark St. Angelo. The United States Trustee and Mark St. Angelo appealed the sanctions order originally issued by this court. On appeal the District Court reversed and remanded the sole issue of monetary sanctions in light of the District Court's opinion.

## APPEARANCES

Michael Hertz appeared for the Chapter 7 Trustee. Paul Michael Brown appeared for the United States Trustee and Mark St. Angelo.

## JURISDICTION

This matter arises from imposition of sanctions under Federal Rule of Bankruptcy Procedure 7037. Local Bankruptcy Rules 820 and 914 are also applicable in this proceeding. Jurisdiction exists pursuant to 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. 1409(a). The District Court has generally referred these matters to the Bankruptcy Court for hearing pursuant to 28 U.S.C. § 157(a) and United States District Court, Eastern District of California, General Orders 182 and 223. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). This renewed motion for sanctions has been properly brought before this court after remand under Local Bankruptcy Rules 820 and 914.

## DECISION

This Court has now been asked by the Chapter 7 Trustee to revisit its decision on monetary sanctions imposed on the United States Trustee and Mark St. Angelo. This renewed motion is based upon the remand order of the District Court. The District Court has instructed this Court to make a determination of the propriety of the amount of sanctions awarded in light of the 40 page opinion issued on appeal. After a careful consideration of the District Court's decision, this court finds that an award of sanctions would be improper.

Originally, this court had found the behavior of the United States Trustee's Office and Mark St. Angelo, Regional Assistant United States Trustee, to have been obstructive to this court's order of a Rule 2004 examination of Mr. Gary Dyer. On appeal the District Court found that these monetary sanctions should be revisited in light of the District Court opinion. This opinion referenced much of the behavior this court found offensive. In each of these references the District Court found that the behavior of the United States Trustee Office, and that of Mark St. Angelo, to be appropriate under the circumstances.

On page 27, 28, 30 and 36, the District Court found that each objection to the questions posed by counsel for the Chapter 7 Trustee was reasonable. Specifically, the District Court found that the objections were "properly framing discovery issues." On page 35 of the opinion, the District Court found that "OUST's attorneys were deferential and respectful to [this bankruptcy court]." Page 36 states that the "OUST's objections were consistent with its legal interpretation of the role of a 2004 examination." Finally, page 26 states that the United States Trustee followed "the procedure prescribed by [this bankruptcy] court."

In light of the findings made by the District Court this court finds that monetary sanctions are improper.[1]

Even if the District Court did not intend these findings to restrict the award of sanctions by this court, an award of monetary sanctions, under the circumstances of this case, would be "unjust." Under Federal Rule of Civil Procedure 37(d), a court may make "such orders … as are just." Additionally, expenses may be imposed in lieu of or in addition to other sanctions allowed un-

---

1. This court fails to understand the purpose of the remand. The District Court has found the actions of the United States Trustee and Mark St. Angelo to be wholly proper, foreclosing this court from awarding any monetary sanctions.

der that rule "unless other circumstances make an award of expenses unjust."[2]

The circumstances in this case show this court that the renewed sanctions motion should be denied. The Chapter 7 Trustee no longer faces a removal motion in this case and the final fees for Trustee's counsel have been approved by this court in the amount of $31,262.[3] The debtor has long ago received his discharge and the case is ready to be closed.

Moreover, this remand motion was brought some 17 months after the District Court issued its order remanding the case for further inquiry into monetary sanctions. Though a shorter time period is not required by the local rules, this court questions why such a significant lapse of time occurred before the renewed motion for sanctions was brought. At this point any award of sanctions would be unjust.

In the interests of judicial economy and justice, this bankruptcy proceeding must come to an immediate end. To continue this motion for sanctions is both a waste of attorney time and judicial calendar space. No purpose can be served by awarding sanctions at this late stage in the proceeding.

It is this court's finding that an award of sanctions would be both improper and unjust. The Chapter 7 Trustee's motion for sanctions is denied.

---

**2.** Federal Rule of Civil Procedure 37(d) provides in pertinent part that;
> In lieu of any order or in addition thereto, the court shall require that party failing to act or the attorney advising that the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless that court finds that the failure was substantially justified or that the award of expenses unjust.

**3.** This court recognizes that due to a shortage of funds counsel will most likely receive substantially less than the amount awarded.